**EXHIBIT 1**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **Ieasha Ward, et al.** | * | |
| Plaintiffs | * | |
| v. | * | Case No. 1:18-cv-00672-RCL |
| **Twin America, LLC, et al.** | * | |
| Defendants | * | |
| _____/ | | |

**AFFIDAVIT OF HOWARD B. HOFFMAN**

1. I, Howard B. Hoffman, Esq., am at least 18 years of age and competent to testify, and I am not a party to, or related to a party, in this action. I am the principal attorney of Hoffman Employment Law, LLC. I serve as counsel to the Plaintiffs in the above-referenced matter.

2. I am an attorney in private practice, and I concentrate on employment law. From 1999 to 2002, I practiced in two prominent boutique employment law firms representing management clients. I have been practicing law since December 1999. I am admitted to the Maryland bar (since 1999), the District of Columbia bar (since 2007), and the Virginia bar (since 2015), as well as the U.S. Court of Appeals for the Fourth Circuit, the U.S. District Court for the District of Maryland, the United States District Court for the District of Columbia,[1] and the U.S. District Court for Eastern District of Virginia. I have extensive experience prosecuting and defending employment collective and class action cases. I opened my own practice law practice in 2002, and on July 1, 2018, the practice began operating as Hoffman Employment Law, LLC ("Hoffman Law"). For purposes of this case, I have employed the following associate attorneys, Jordan S. Liew, Esq. ("Liew"),

---

[1] I gained admission to this Court in 2010.

Page 1

Scott E. Kraff, Esq. ("Kraff"), and Gregory B. Herbers, Esq. ("Herbers"). I also employ Timothy J. McGarry ("McGarry") as a Law Clerk (a law school graduate, currently pending admission to the District of Columbia Bar).

3. This case began after Ms. April Sims and Ms. Ieasha Ward contacted me seeking legal representation relating to abrupt closure of their employer, Mr. Sightseeing.

4. Hoffman Law has maintained time and costs records in this case. From the inception of this case until March 11, 2020, all timekeepers used "RocketMatter"© software to record their time. After March 11, 2020, Hoffman Law migrated to using "Clio" © software to record their time. A true and correct copy of those billing records are attached, in chronological order, as Exhibit 1-A.

5. The billing records reflect actual time expended in the prosecution of this litigation. The time incurred is a reasonable amount, necessarily incurred in order to complete basic objectives in the prosecution of this matter. I have supervised associates and instructed them to accurately bill their time. I have also, to the fullest extent practical, specified the time spent per task, and I have avoided the practice of block billing. I have instructed my associates and law clerk to do the same.

6. Through today's date (March 30, 2020), Hoffman Law has recorded and seeks on my behalf a total of 128.8 hours in this case at $566.00/hour (see below for basis for this claimed hourly rate), for a total value of $72,900.80.

7. Through today's date (March 30, 2020), Hoffman Law has recorded and seeks on behalf of the work performed by Jordan Liew, a total of 239.6 hours in this case at $353.00/hour (see below for basis for this claimed hourly rate), for a total value of $84,100.40.

8. Through today's date (March 30, 2020), Hoffman Law has recorded and seeks on behalf

of the work performed by Scott Kraff, a total of 78.4 hours in this case at $353.00/hour (see below for basis for this claimed hourly rate), for a total value of $27,675.20. Kraff is a former associate attorney employed by Hoffman Law. Kraff was involved in the review of Defendants' discovery production and was responsible for drafting motions to compel responses to Plaintiffs' written discovery. He also conducted necessary legal research and supported in the administration of the settlement, including communicating with clients

9. Through today's date (March 30, 2020), and based on a reasonable estimate of additional time moving forward, Hoffman Law has recorded and seeks on behalf of the work performed by Gregory B. Herbers, a total of 21.2 hours in this case at $353.00/hour (see below for basis for this claimed hourly rate), for a total value of $7,483.60. Gregory B. Herbers is a former associate attorney employed by Hoffman Law. Herbers was involved in conducting important legal research and drafting the Motion for Class Certification and the Class Notice.

10. Through today's date (March 30, 2020), Hoffman Law has recorded and seeks on behalf of the work performed by Timothy J. McGarry, a total of 19.3 hours in this case at $173.00/hour (see below for basis for this claimed hourly rate), for a total value of $3,338.90. Mr. McGarry is a former law clerk employed by Hoffman Law. McGarry assisted Hoffman Law with the administration of the settlement, including receiving and processing Claim Forms, and communicating with Class Members. McGarry was also responsible for collecting all of the IRS Forms W-4 and W-9 required under the settlement agreement.

11. Therefore, the total value of fees incurred in this case by Hoffman Employment Law, LLC is $195,977.30, through today's date (March 30, 2020).

12. Additionally, there is time necessary to appear at the Final Fairness Hearing, communicate with clients, communicate with opposing counsel, and transmit settlement funds to clients. Based on a reasonable estimate of additional time moving forward from today's date (March 30, 2020), I reasonably estimate that Hoffman Law will generate another $7,500.00 in legal fees and costs.

13. The total costs incurred by Hoffman Law in this case, including a reasonable estimate of additional expenses moving forward, are set forth as follows: (i) postage fees in the amount of $176.11, which includes postage to clients, opposing counsel, and the Court; (ii) $620.00 in copy/print charges; (iii) $100.00 for the pro hac vice application fee of Bradford W. Warbasse; (iv) the filing fee of $400.00; and (v) $14.50 in text messaging fees. The total costs incurred by Hoffman Law in this case, including a reasonable estimate of additional expenses moving forward, are $1,310.91.

14. Not included in these costs are the costs involved in extensive computerized legal research (we utilize WESTLAW).

15. Therefore, the total value of fees and costs in this case is $197,288.21. This time excludes the time spent by Bradford W. Warbasse, Esquire, an attorney with an independent practice, who he has worked 25.3 hours on this case at $400.00/hour (a value of $10,120.00).

16. By accepting $140,000.00 for fees and cost reimbursement, I am therefore discounting ("writing down") part of our time as it relates to this settlement. Notably, these fees and costs were negotiated separately and secondarily, and only after reaching a tentative resolution as to the Plaintiffs' recovery.

17. I was generally responsible for all facets of this case, from drafting the initial complaint;

interviewing and handing initial client communications; drafting and revising specialized written discovery; maintaining communications (oral and written) with counsel for the Defendants as to all issues, from discovery disputes through settlement; supervising and revising the draft of the Motion for Class Certification (and obtaining the consent of the Defendants); and leading the settlement negotiations with the Defendants; and assisting in the drafting of the instant Motion.  I was also involved in supervising associate attorneys, and otherwise managing the strategies and coordinating/delegating the roles of Plaintiffs' counsel and assigning/supervising tasks so that the case was efficiently and effectively managed.

18. Associates and a law clerk are utilized to increase delegation and assignment of tasks to persons who can complete them at a lower hourly rate.

19. In many instances, I have not recorded my time spent for calls/communications from Plaintiffs requesting information regarding the status of this case, and the brief discussions from associates and co-counsel regarding proper direction and instruction.

20.  In the course of representing businesses and some individuals, I include and bill to my clients any disbursements representing the same costs incurred in this case (e.g., filing fees, postage, copies, conference calls, court reporters, experts, etc.).

21. I am an honors graduate of University of Maryland School of Law (May, 1999), where I was the recipient of the "Shawe & Rosenthal" employment law prize, and the "Joseph Bernstein Prize" (for excellence in legal writing).

22. I have been a Contributing Revisions Editor, Fair Labor Standards Act (BNA/ABA) since 2002.  I was asked to speak at a seminar in December 2012, for Maryland Employment Lawyers Association titled "Bringing Your First FLSA Collective Action: The Guts and

Glory Of Overtime Wage Cases." I was selected to speak at a Lorman seminar in June 2013 to discuss principles of law under the FLSA. Most recently, I received the honor of being designated a "SuperLawyer"® in employment law in both Maryland and the District of Columbia (2016-2020).

23. I have extensive experience in prosecuting and defending wage and hour lawsuits, and that makes me rather uniquely qualified to provide this Declaration. Many of the well-known reported decisions in the District of Maryland addressing overtime and minimum wage rights, are cases that I have either prosecuted (represented the employee) or defended (represented the employer). These notable and widely cited decisions include, but are not limited to: <u>Rose v. New Day Financial, et al.</u>, 816 F.Supp.2d 245, 2011 WL 4103276 (D. Md. Oct. 5, 2011) (Quarles, J.) (represented employer; motion to compel class-waiver arbitration granted); <u>Chapman et al. v. Ourisman Chevrolet Co., Inc.</u>, 2011 WL 2651867 (D. Md. 2011) (Williams, J.) (representation of employee class in minimum wage dispute; summary judgment for employer denied); <u>Williams et al. v. ezStorage Corp.</u>, 2011 WL 1539941 (D. Md. Apr. 21, 2011) (Bennett, J.) (conditional certification of FLSA collective action on behalf of employees); <u>Gionfriddo et al. v. Jason Zink, LLC, et al.</u>, 769 F.Supp.2d 880 (D. Md. 2011) (Bennett, J.) (represented employer in FLSA case; granting motion for decertification); <u>Dorsey et al. v. The Greene Turtle Franchising Corp.</u>, 2010 WL 3655544 (D. Md. 2010) (Blake, J.) (represented employees; grant of conditional certification of FLSA collective action); <u>Williams et al. v. Long (d/b/a "Charm City Cupcakes")</u>, 585 F.Supp.2d 679 (D. Md. 2008) (Grimm, J.) (represented employees; grant of conditional certification of FLSA collective action (widely cited in District)); <u>Spencer v. Central Services, LLC, et al.</u>, Case No. CCB-10-3469, 2012 WL 142978 (D. Md. Jan. 13, 2012)

(grant of attorneys' fees and costs in FLSA case); <u>Dorsey et al. v. TGT Consulting, LLC</u>, 888 F.Supp.2d 670, 2012 WL 3629209 (D. Md. Aug. 20, 2012) (Blake, J.) (holding employee's earning statements were insufficient to inform employees of FLSA's tip credit requirements); <u>Saman v. LDBP, Inc.</u>, 2012 WL 5463031 (D. Md. Nov. 7, 2012) (Chasanow, J.) (dismissal of supplemental state claim of wrongful discharge in FLSA case). Several of the aforementioned decisions resulted in additional precedent setting decisions in that same case, although they are not cited here.

24. Additionally, while I would like to remain modest about my accomplishments in my twenty (20) years of practice, two of the more frequently cited published decisions involving the First Amendment rights of law enforcement whistleblowers, decided by the U.S. Court of Appeals for the Fourth Circuit within the last decade, are cases that I prosecuted on behalf law enforcement whistleblowers, <u>see, e.g.</u>, <u>Andrew v. Clark</u>, 561 F.3d 261 (4th Cir. 2009) (representation of law enforcement officer in claim of First Amendment retaliation and due process); <u>Durham v. Jones</u>, 737 F.3d 291 (4th Cir. 2013) (affirming judgment of judgment was obtained in the amount of $1,112,200.00 against Somerset County Sheriff; defeating claims of qualified immunity in First Amendment retaliation case).

25. Moreover, my work frequently casts me into the spotlight. By way of example, I have been quoted, or my work has been featured, in the following news articles: "Deputy Gets Powers Back," The Maryland Daily Record, Pg. 1A, Aug. 14, 2013; "Tip & Fight; Famed Baltimore Restaurant Sip & Bite on the Hook for Unfair Labor Practices," Baltimore City Paper ("Mobtown Beat column"), Aug. 21, 2013; "Sheriff Owes Deputy $1.1M," The Maryland Daily Record, Pg. 1A, December 11, 2013; "Pet Peeve – Outcry Over Baltimore County Animal Shelter Erupts in Free-Speech Lawsuit," Baltimore City Paper ("Mobtown

Beat column"), June 4, 2014; "State Courts Can Decide Overtime Disputes, Enhance Damages," The Maryland Daily Record, Pg. 1A, Aug. 18, 2014.  While not employment related, my Section 1983 work on behalf of animal advocates in Baltimore County, see Fancy Cats Rescue Team, Inc., et al. v. Baltimore County, Md., et al., BPG 14-1073, gained nationwide attention.  See http://www.chicagotribune.com/lifestyles/pets/ct-pets-shelter-silence-0129-20150129-story.html ("Bredar's decision could have implications around the country.")

26. Neither Hoffman Law, nor any lawyer involved in this case, has charged (and will not charge) any Plaintiff in this case for any of the costs or fees that have been incurred in this case.  No contingency fee is being charged to any Plaintiff.  The fee/cost awarded by the Court will be our sole compensation.

27. I am requesting that the Court value my time at a rate of $566.00 an hour in this case.  This rate is consistent with the U.S. Department of Justice's Laffey Matrix with an attorney with 20 years of experience, and who regularly handles precedent-setting decisions, whose work attracts and receives media attention, and who regularly speaks on employment law topics, including to fellow attorneys.  The complexity, duration, and skill required, as to my tasks and responsibilities in this case, clearly deserve the full Laffey Matrix rate of $566.00.

28. Additionally, I am requesting that the Court value the time of my associates Liew and Herbers at an hourly rate of $353/hour, and at a rate of $173/hour for McGarry's work.  These rates are consistent with the U.S. Department of Justice's Laffey Matrix.  The education and work experiences of Mr. Liew is outlined in his respective Declaration.  In my opinion, Mr. Liew has acquired advanced knowledge and understanding of employment litigation generally, and he is performing work more independently and very

28. (cont.) efficiently. Therefore, I believe that Mr. Liew is more akin to a mid-level associate in a management-side practice and should be appropriately valued as such.

29. Mr. McGarry is a 2019 graduate of the George Washington University School of Law and has recently received news that he has passed the District of Columbia bar exam.

30. Mr. Kraff is a 2016 graduate of the Georgetown University School of Law. As of March 25, 2020, Mr. Kraff was no longer employed with Hoffman Law. Mr. Kraff's resume is available upon request.

31. As of mid-April 2019, Mr. Herbers was no longer employed with Hoffman Law. Herbers' resume (available upon request) indicates that he has practiced law since 2015, after graduating from Pepperdine University School of Law, and he was admitted to the Maryland bar in December 2018 and the California bar in 2015.

**AFFIANT FURTHER SAYETH NAUGHT**

I solemnly affirm under the penalties of perjury that the contents of the foregoing affidavit are true and correct.

_DocuSigned by:_
_[signature]_
_3E5680C5BBB74EB..._

Howard B. Hoffman, Esq.
March 30, 2020